USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GICELA MARTINEZ CASIQUE, et al.,

                Plaintiffs,

-against-

MARIA ARMENDARIZ, et al.,

                Defendants.

23-CV-07592 (MMG)

**ORDER APPROVING SETTLEMENT**

MARGARET M. GARNETT, United States District Judge:

      The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; New York Labor Law, Art. 6 § 190 *et seq.*, Art. 19 § 650 *et seq.*; and New York City Human Rights Law, N.Y.C. Admin. Code § 8-102 *et seq.*, advised the Court that they had agreed to a settlement in principle. *See* Dkt. No. 34. By Order entered June 16, 2025, the Court directed the parties to submit their settlement agreement and a fairness memorandum, and explain the basis for the proposed settlement with reference to the factors discussed in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).

      The Court, having reviewed the parties' joint letter seeking approval of their settlement agreement, *see* Dkt. No. 38, finds that the settlement is fair and reasonable, given both the nature and scope of Plaintiffs' claim and the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335–36.

      The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

      In addition, Plaintiffs seek approval of $200,000 in attorneys' fees and costs, which is 33.33% of the settlement amount of $600,000. *See* Dkt. No. 38-1 § 1(g). Courts in this Circuit typically approve attorneys' fees that range between 30% and 33.33%. *See Zorn-Hill v. A2B Taxi LLC*, Nos. 19-CV-01058 (KMK), 18-CV-11165 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery."); *see, e.g.*, *Rodriguez v. Edison's Restaurant*, No. 22-CV-01909 (VSB), 2025 WL 26072 (S.D.N.Y. Jan. 3, 2025); *Bantsadze v. Burger Man Inc.*, No. 23-CV-10043 (DEH), 2024 WL 4880076, at *2 (S.D.N.Y. Nov. 25, 2024). In line with that precedent, and with the settlement amount that will remain for Plaintiffs in light of the facts of this case, attorneys' fees in the amount of one-third of the recovery is appropriate here.

      Accordingly, the Court approves the settlement agreement, appended hereto as an attachment to this Order, subject to the condition addressed above. The Court DISMISSES the case with prejudice. The Clerk of Court is respectfully directed to terminate Dkt. No. 38 and close this case.

Dated: July 8, 2025
       New York, New York

                                      SO ORDERED.

                                      MARGARET M. GARNETT
                                      United States District Judge